

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DAVID LEHMAN, individually, and )
LEHMAN REAL ESTATE, INC., an )
Illinois corporation, )
                      )
                      )
       Plaintiffs, )
                      )
   vs. )   No. 05 C 1048
                      )
THE VILLAGE OF OAK PARK, ILLINOIS, )
a unit of local Government, and )
JOANNE TRAPANI, in her official )
capacity as Mayor of the Village )
of Oak Park, Illinois, and DIANA )
CARPENTER, GUS KOSTOPOULOS, RAY )
JOHNSON, and DAVID POPE, Trustees, )
                      )
       Defendants. )

## MEMORANDUM OPINION AND ORDER

David Lehman and Lehman Real Estate, Inc., an Illinois
corporation of which Mr. Lehman is the president, sue the Village
of Oak Park, Illinois (Village), Joanne Trapani, the Mayor of the
Village in her official capacity, Diana Carpenter, Gus Kostopoulos,
Ray Johnson and David Pope. Ms. Carpenter and Mr. Kostopoulos are
former Trustees of the Village. Mr. Johnson is currently a Trustee,
and Mr. Pope is currently the President and is also a former
Trustee of the Village. The first amended complaint (amended
complaint) alleges: 1) a claim brought under 42 U.S.C. § 1983 for
denial of procedural due process of law; 2) a claim seeking
declaratory and injunctive relief with respect to a Tax Increment
Financing ordinance (TIF) promulgated by the Village; and 3) a

claim under Illinois law for civil conspiracy. The defendants move pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss all three claims for failure to state a claim on which relief can be granted. I grant the motion and dismiss the action.

## I. Factual Allegations

The amended complaint alleges in essence the following facts. A TIF (Tax Increment Financing) District was established in the Village along Lake Street pursuant to local ordinance No. 1983-0-91, as amended, and 65 ILCS 5/11-74.7. The property along the Lake Street TIF is not a blighted area. The Village solicited a developer called Whiteco to present and prepare a plan for redevelopment. In December 2002, a Redevelopment Agreement (RDA) with Whiteco was approved and referred to the Plan Commission of the Village. In or about April 2003, Whiteco's application was withdrawn by agreement and the Village determined that the original RDA was still in effect. Employees of the Village and others entered into an illegal conspiracy to steer and direct the RDA to Whiteco, to the exclusion of all others. In January 2004 the Village purchased additional land to add to the original RDA proposal. The parcel subject to the RDA has a market value in excess of $6.5 million dollars.

The Village sold the parcel to Whiteco for $2,250,000.00 with "financial considerations" equaling an additional $4.0 million dollars. The property is not in a blighted area in need of TIF

2

support. Other developers, including plaintiff, have sought permission to bid for the property without success. The Village did not consider or review any other bids. Whiteco was provided with inside information and access to Village resources in the preparation of its bid, and other potential bidders were not. The bidding process was closed to all developers except Whiteco. Whiteco's bid substantially increases the cost to taxpayers, increases traffic density, and decreases tax revenue to the Village. The TIF Act requires that a TIF district be established only where private investment would not otherwise occur. The Lake Street TIF continues to attract private sector investment without a TIF designation and evidences no level of blight as defined by the TIF Act.

The Village, by custom and practice, competitively bids municipal development projects. In this case, the defendants have refused to provide statutory and practical protections to taxpayers, including plaintiffs. Plaintiff David Lehman is representative of a class of Village residents whose tax dollars are and will continue to be subject to waste, mismanagement and malfeasance of the Village and its Trustees. The defendants' actions were designed to deprive the plaintiffs access to bidding procedures. The corporate plaintiff has a protectable property interest under the Due Process Clause of the United States Constitution and a legitimate claim of entitlement to a

3

constitutionally protected property interest. The corporate plaintiff submitted a bid to develop the property in February 2005 and was the lowest responsible bidder. Rejection of its bid was in bad faith, arbitrary, capricious and against the public trust. The corporate plaintiff was not provided a hearing in relation to its bid.

## II. Motion to Dismiss

Rule 8(a), Fed. R. Civ. P., requires only a short and plain statement of a claim. The claim must give sufficient facts to give the opposing party fair notice of its basis. While a party need not allege all of the relevant facts, the allegations "must at least include the operative facts on which the plaintiff bases his claim." *Brokaw v. Mercer County*, 235 F.3d 1000, 1014 (7th Cir. 2000). I accept all well-pleaded allegations in the complaint as true. *Turner/Ozanne v. Hyman/Power*, 113 F.3d 1312, 1319 (7th Cir. 1997), and grant the motion only if the plaintiff can prove no set of facts to support the allegations in his claim. *Strasberger v. Bd. Of Educ.*, 143 F.3d 351, 359 (7th Cir. 1998). I must view the allegations in the light most favorable to the plaintiff. *Gomez v. Illinois State Bd. of Education*, 811 F.2d 1030, 1039 (7thCir. 1987). However, a plaintiff can plead himself out of court by pleading facts that undermine the allegations set forth in the complaint. *Lekas v. Briley*, 405 F.3d 602, 613-14(7th Cir. 2005).

Plaintiffs' first claim is that their right to procedural due process under the Fourteenth Amendment to the United States Constitution has been denied. Under well established law, a plaintiff alleging a violation of procedural due process must first allege that he has a protectable property interest (or liberty interest but that is not alleged to be at stake here), founded in some basis under state law. *E.g., Omosegbon v. Wells,* 335 F.3d 668, 674 (7th Cir. 2003). In this case, plaintiffs appeared to allege that they had such an interest in obtaining a municipal contract. However, in response to defendants' motion to dismiss, they specifically disclaimed any such allegation. ("The plaintiffs do not plead that they have a protectible property interest in a municipal contract, therefore *Kim Construction Company, Inc. v. Board of Trustees of the Village of Mundelein,* 14 F.3d 1243 (7th Cir. 1994) is inapplicable." Plaintiffs' Response to Motion to Dismiss at 6.) At oral argument, plaintiffs stated that they have a protectable property interest as Oak Park taxpayers in not having their tax dollars given to the competing developer, Whiteco, but the amended complaint does not contain any such allegations, unless it is found in the statement that they have such an interest in the decertification of the TIF. If so, however, they have refused to identify any law that supports this view. At oral argument they also claimed a protectable property interest in the method of submitting bids. By this, I understand plaintiffs to mean that they

have a right to be able to submit a meaningful bid. The defendants agree that the TIF statute requires that an open bidding process be utilized in selecting contracts for development. However, plaintiffs specifically disclaimed reliance on that statute, saying their interest arises out of an Oak Park municipal ordinance or resolution. Asked to identify the ordinance, plaintiffs, through counsel, stated that they did not know which ordinance, and that they had not read them.

All of this should probably end this lawsuit. The court is not required to do plaintiffs' work for them, and it would be improper as well for me to attempt to find a claim that plaintiffs have not made.[1] See, e.g., Doherty v. City of Chicago, 75 F.3d 318, 324 (7th Cir. 1996)("[I]t is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." (quoting from earlier case). Nevertheless, assuming that plaintiffs might be able to find a protectable property interest in a right to make a bid based on state or local law, in which case plaintiffs would seek to file a second amended complaint, I asked plaintiffs to respond to defendants' claim that in the amended complaint, plaintiffs admit that they did not submit a contract proposal until February, 2005.

---

[1] Indeed, unable to decipher the pleadings, despite substantial time, I asked the parties to come in. I then set this over for a second day when plaintiffs' counsel stated that he was not prepared to tell me what protectable property interest plaintiffs were claiming.

6

The significance of this, according to defendants, is that published notice in *The Chicago Tribune*, in August, 2004, gave anyone desiring to make a bid until October 18, 2004 to review the Whiteco proposal and to submit a counter proposal. Plaintiffs say I cannot consider the fact of the *Tribune* publication on this motion, but publication of a legal notice may be considered by a court on a motion to dismiss. *Bannon v. Edgewater Medical Center*, 406 F. Supp.2d 907, 919 n.16 (N.D. Ill. 2005), and sources cited therein. See also Fed. R. Evid. 201(b)(2) (the court may take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") Without any basis for questioning the fact of publication (and plaintiffs, who say they do not know if the publication occurred, have known of the claim since defendants filed their response to plaintiffs' withdrawn motion for a temporary restraining order over a year ago), I take judicial notice of the publication of legal notice in this case. Plaintiffs' proposal for a contract, which was not filed until February, 2005, was therefore too late. They were not, however, deprived of the right to have a bid considered by Oak Park.

Plaintiffs also argue that there was no need for a TIF with respect to the area in question, but they represent that this is a state law claim. They also do not dispute that state law provides a remedy for a misdesignated TIF. *See Castel Properties, Ltd. v. City of Marion*, 259 Ill. App. 3d 432, 631 N.E.2d 459 (1994).

Plaintiffs' last claim, a state law claim for civil conspiracy, is dismissed without prejudice since no federal claim survives.

<u>Conclusion</u>

For the reasons stated in this opinion, plaintiffs' federal claim is dismissed with prejudice. Plaintiffs' state claims for decertification of the TIF and for civil conspiracy are dismissed without prejudice.

**ENTER ORDER:**

Elaine E. Bucklo
United States District Judge

DATED: March 6, 2006

8